# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES J. BORRELLI,

    Petitioner,

    v.

FRANK CORI,

    Respondent.

CIVIL ACTION NO. 3:04-CV-2243

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) will be DISMISSED in part and DENIED in part.

## FACTUAL BACKGROUND

The following facts were found by the Court of Common Pleas, Schuylkill County, Criminal Division. (Doc. 21-3). Petitioner was the principal in businesses known as EZ Buy, Inc., and Goods, Inc., through which he sold closeout and salvage goods to internet customers. (Doc. 21-3 p.2). Petitioner had warehouses in Cass Township, Schuylkill County, and Pottsville, Schuykill County. *Id*. When a customer placed an order to purchase Petitioner's merchandise, Petitioner or one of his agents instructed the customer to wire the purchase funds to a bank located in Pottsville. *Id*. Once the funds were received, Petitioner would ship the goods. *Id*. As a result of customer complaints that the goods received did not conform with the orders that were placed with Petitioner, Detective Glen Dove of the Pottsville Bureau of Police initiated an investigation. (Doc. 21-3 p.3). Detective Dove's investigation uncovered that Petitioner was shipping salvage

goods rather than the new goods he had represented. *Id.* Petitioner was then arrested and charged with deceptive business practices, theft by deception, and criminal conspiracy. Petitioner's wife and father-in-law were similarly charged. *Id.*

## PROCEDURAL BACKGROUND

Petitioner was found guilty by a jury of three counts of deceptive business practices, three counts of theft by deception, and one count of conspiracy. *Id.* Petitioner was sentenced to a term of imprisonment of eleven and one-half (11½) to twenty-three (23) months in the Schuylkill County Prison, followed by consecutive twenty-nine (29) month terms of probation. *Id.*

Petitioner appealed to the Superior Court of Pennsylvania, which affirmed Petitioner's conviction and sentence. (Doc. 21-4). The Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Doc. 21-5).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on October 2, 2004. The Commonwealth of Pennsylvania, on behalf of the named Respondent, Frank Cori, filed a response on February 3, 2005. (Doc. 21-1).

Petitioner presents four grounds he claims entitle him to habeas relief. In Ground One, Petitioner argues that the Municipal Police Jurisdiction Act (MPJA) deprived the City of Pottsville Police Department of jurisdiction to arrest him. In Ground Two, Petitioner claims he was "denied [the] right to confront [his] accuser." (Doc. 1 p.5). In Ground Three, Petitioner alleges the prosecution and police "obstruct[ed] justice" and vaguely refers to "due process." (Doc. 1 p.6). Finally, in Ground Four, Petitioner avers that the trial court erred by consolidating the cases against Petitioner, his wife, and father-in-law.

**DISCUSSION**

**I. Jurisdiction**

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Thus, to invoke the jurisdiction of a federal habeas court, a petitioner must satisfy two requirements.  First, the petitioner must be in custody.  Here, Petitioner satisfies the "in custody" requirement because he was on probation or parole at the time he filed his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004).  Second, the petitioner must be held in violation of the Constitution or laws or treaties of the United States.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  Furthermore, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997).[1]  Here, a serious question exists as to the Court's jurisdiction over several grounds upon which Petitioner seeks relief as he does not allege violations of his constitutional or federal rights.

---

[1] It should also be noted that "[i]n reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.  Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim." *Roberts v. McKeen*, Civ. No. 06-2552, 2006 WL 2403943, at *3 (D.N.J. Aug. 18, 2006).

3

**II. Procedural Default**

As an additional requirement, in order for a federal habeas court to review a state prisoner's petition, the petitioner must have exhausted his available state court remedies and not have procedurally defaulted his federal habeas claims. *Keller*, 251 F.3d at 413-16.  A petitioner has not exhausted his state remedies if he has the right under state law to raise his claim by any available procedure. 28 U.S.C. § 2254(c).  To satisfy the exhaustion requirement, a petitioner must have "fairly presented" his federal habeas claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971).  If a petitioner has failed to fairly present his federal habeas claim to the state courts and can no longer do so by any available means, then his federal habeas claim has been procedurally defaulted. *Keller*, 251 F.3d at 415.  "Federal courts may not consider procedurally defaulted claims unless 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

**III. Petitioner's Claims**

In Ground One of the Petition, Petitioner argues that the MPJA deprived the City of Pottsville Police Department of jurisdiction to arrest and charge him.  Petitioner raised this same ground for relief before the state courts.  However, because the interpretation of the MPJA is a question of Pennsylvania state law, and because Petitioner does not cite any constitutional or federal law violation, the Court lacks subject matter jurisdiction over Ground One.

In Ground Two of the Petition, Petitioner claims he was "denied [the] right to confront [his] accuser." This claim was also raised by Petitioner in the state courts. However, while veiled as a violation of the federal constitutional right to confront one's accuser, Ground Two presents solely a state law claim -- that the trial court erred by permitting Wayne McNeel to testify in the place of the named victim, Joseph Spry, who was unable to attend the trial due to health reasons.[2] Because the admissibility of evidence in a state court proceeding is a question of state law, *see Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001) (a federal habeas court "cannot decide whether the evidence in question was properly allowed under the state law of evidence"), the Court lacks subject matter jurisdiction over Ground Two.

In Ground Three, Petitioner avers that the prosecution and police "obstruct[ed] justice," vaguely refers to "due process," and states that the prosecution and police sabotaged his defense, in that, one hour before his attorney was to give his closing argument to the jury, the prosecutor and police falsely informed Petitioner's defense attorney that his family was the subject of threats of violence. The Court finds that Petitioner's vague reference to "due process" is sufficient to raise a federal habeas claim,

---

[2]McNeel is Spry's son-in-law and business partner. McNeel testified about contacts and transactions that he personally engaged in with Petitioner. Petitioner neither alleges nor presents any facts to support a claim that the substitution of McNeel for Spry prevented him from effectively cross-examining McNeel, or any other type of prejudice, merely stating that it constituted "unfair surprise." Consequently, no constitutional confrontation claim is evident.

In fact, the crux of Petitioner's argument is that McNeel testified falsely. However, under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Thus, a federal habeas court must defer to the state court's factual findings absent clear and convincing evidence to the contrary. *Berryman v. Morton*, 100 F.3d 1089, 1103-04 (3d Cir. 1996). Petitioner has presented no evidence at all. Accordingly, the Court defers to the state court's factual findings as to McNeel's credibility.

5

observing that the Petitioner is a *pro se* litigant.  However, Petitioner did not raise this claim in the state courts.  Petitioner is now barred from seeking relief in the state courts because the statute of limitations for filing a petition for post-conviction relief has expired. *See* PA. CONS. STAT. ANN. § 9545(b)(1) (West 1998) (imposing a one-year time period from the date the judgment of conviction becomes final to petition for post-conviction relief).  As such, his federal due process claim is now procedurally defaulted.  In his petition, Petitioner does not allege cause or prejudice.  Nor does he claim that the Court's failure to review his habeas petition will constitute a fundamental miscarriage of justice – i.e., that, if given the opportunity to present new evidence, he can demonstrate that he is actually innocent of the crime. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Consequently, the Court is precluded from reviewing Ground Three of the habeas petition.

In Ground Four, Petitioner claims that the trial court erred in consolidating the cases against Petitioner, his wife and father-in-law.  Petitioner raised this claim before the state courts.  However, joinder of criminal defendants in Pennsylvania state court is governed by the Pennsylvania Rules of Criminal Procedure. *See* PA. R. CRIM. P. 582 (allowing joinder of multiple defendants when the defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions). As such, this is a question of state law.  Accordingly, the Court lacks subject matter jurisdiction over Ground Four.

## CONCLUSION

For the above stated reasons, the Court finds that Petitioner is not entitled to federal habeas relief on any of his claims.

An appropriate Order follows.

September 8, 2006                        s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES J. BORRELLI,

    Petitioner,

    v.

FRANK CORI,

    Respondent.

NO. 3:04-CV-2243

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this   8th   day of September, 2006, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as to Grounds One, Two and Four, and **DENIED** as to Ground Three.

                                                S/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge